IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-127-D
No. 7:15-CV-1-D

| | |
|---|---|
| TITUS TERRELL GRADY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On January 5, 2015, Titus Terrell Grady ("Grady") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 312-month sentence [D.E. 96]. On June 16, 2015, the government moved to dismiss Grady's section 2255 motion [D.E. 105] and filed a memorandum in support [D.E. 106]. On July 10, 2015, Grady responded in opposition [D.E. 110]. As explained below, the court grants the government's motion to dismiss and dismisses Grady's section 2255 motion.

I.

Grady was a violent, high-volume heroin dealer and gang leader in Wilmington, North Carolina. See Sentencing Tr. [D.E. 82] 9–16. On March 4, 2013, Grady pleaded guilty, pursuant to a written plea agreement [D.E. 46], to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1)(B) and 846. See [D.E. 45, 46]. On July 18, 2013, at Grady's sentencing hearing, the court calculated Grady's advisory guideline range as 262 to 327 months' imprisonment. See Sentencing Tr. 5. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Grady's allocution, the court sentenced Grady to 312 months' imprisonment. See id. 14–18.

Grady appealed. See [D.E. 73]. On January 31, 2014, the Fourth Circuit enforced the appellate waiver in Grady's plea agreement, dismissed the portion of the appeal within the appellate waiver, and affirmed Grady's conviction. See United States v. Grady, 553 F. App'x 331, 332 (4th Cir. 2014) (per curiam) (unpublished).

On January 5, 2015, Grady filed a motion under 28 U.S.C. § 2255. See [D.E. 96]. Grady contends that: (1) his counsel was ineffective at sentencing by failing to investigate and challenge the drug weight attributed to Grady; (2) his counsel was ineffective at sentencing by failing to investigate and challenge his leadership enhancement under U.S.S.G. § 3B1.1(a); (3) his counsel was ineffective at sentencing by failing to investigate and challenge the use-of-violence enhancement under U.S.S.G. § 2D1.1(b)(2); and, (4) his counsel was ineffective by failing to become familiar with the discovery material concerning the drugs. See id.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In

2

reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

At his Rule 11 hearing, Grady stated under oath that he had consulted with his counsel about the charge to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. [D.E. 81] 11–14, 16, 18. Grady also swore that he understood the charge to which he was pleading guilty and the maximum penalties for the charge. See id. 15–16. He swore that he understood all of his trial rights, that he would be waiving these rights by pleading guilty, and the direct and collateral consequences of pleading guilty. See id. 16–18. At Grady's Rule 11 hearing, the court read Grady's appellate waiver in his plea agreement aloud to him, and Grady swore that he understood the rights he was giving up in that waiver. See id. 16–18. In his plea agreement, Grady agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Grady] at the time of [his] guilty plea." Id.; Plea Ag. [D.E. 46] ¶ 2.c.

An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, an appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the

3

waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). Grady's appellate waiver is valid. See Grady, 553 F. App'x at 332.

At Grady's Rule 11 hearing, Grady also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of 480 months' imprisonment. See Rule 11 Tr. 17–20. At the end of his Rule 11 hearing, Grady pleaded guilty to the conspiracy charge in the indictment, and the government provided a factual basis for the guilty plea. See id. 21–23. The court then accepted Grady's guilty plea to the conspiracy charge. See id. 23–24.

Grady's ineffective-assistance claims are not within his appellate waiver. See Plea Ag. ¶ 2.c. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of

4

counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687, 691–96; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, in conducting its review, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffective-assistance-of-counsel claim in a section 2255 motion, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

First, Grady alleges that his counsel was ineffective by failing to investigate and challenge the drug weight attributed to him. Counsel, however, initially objected to the drug weight, as reflected in the PSR's addendum. See PSR addendum ¶ 1. At sentencing, counsel made a tactical

decision to withdraw the objection and, instead, focused on Grady's upbringing, noted that the drug weight was based on the statements of cooperating defendants (which she argued were less reliable), noted that Grady lacked convictions for violent felonies, and argued for a guideline sentence. See Sentencing Tr. 7–8.

Counsel's tactical decision to withdraw the drug-weight objection was not objectively unreasonable. See Strickland, 466 U.S. at 689–90; United States v. Surginer, 64 F.3d 661 (4th Cir. 1995) (per curiam) (unpublished table decision). Thus, Grady's first claim fails. Alternatively, Grady has failed to plausibly allege that he would have obtained a different sentence but for counsel's alleged error. See, e.g., Bobby, 558 U.S. at 12; Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009); Strickland, 466 U.S. at 699–700. Thus, Grady has not plausibly alleged prejudice.

As for Grady's complaints about counsel's failure to object to the leadership enhancement and the use-of-violence enhancement, his attorney initially did object, as reflected in the PSR's addendum. See PSR addendum ¶¶ 4, 6. Although Grady's counsel withdrew the objections at sentencing, the sentencing transcript and the PSR make clear that the objections would have been baseless if presented. See PSR ¶¶ 17–26; Sentencing Tr. 9–18. The Sixth Amendment does not require counsel to make baseless objections. See Knowles, 556 U.S. at 127. Thus, the claim fails.

Finally, the court rejects Grady's vague objection that his counsel failed to become familiar with the discovery concerning drug weight. See, e.g., Strickland, 466 U.S. at 690–98; Dyess, 730 F.3d at 359. Alternatively, Grady has failed to plausibly allege prejudice. See, e.g., Bobby, 558 U.S. at 12; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 699–700. Accordingly, Grady's final claim fails.

After reviewing the claims presented in Grady's motion, the court finds that reasonable jurists would not find the court's treatment of Grady's claims debatable or wrong and that none of

6

the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 105], DISMISSES Grady's section 2255 motion [D.E. 96], and DENIES a certificate of appealability.

SO ORDERED. This 25 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge