# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DIVISION
## No. 7:12-CR-127-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TITUS TERRELL GRADY, | ) | |
| | ) | |
| Defendant. | ) | |

On March 4, 2013, pursuant to a written plea agreement, Titus Terrell Grady ("Grady") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. See [D.E. 45, 46, 81]. On July 18, 2013, the court held Grady's sentencing hearing. See [D.E. 67, 69, 82]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 82] 4–6. The court calculated Grady's total offense level to be 35, his criminal history category to be V, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sentencing Tr. at 4–6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Grady to 312 months' imprisonment. See id. at 14–18. Grady appealed. On January 31, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Grady, 553 F. App'x 331 (4th Cir. 2014) (per curiam) (unpublished).

On March 9, 2016, Grady moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 132]. Grady's new advisory guideline range is 210 to 262 months' imprisonment, based on a total offense level of 33 and a criminal history category of V. See Resentencing Report. Grady requests a 250-month sentence. See id.; [D.E. 132].

The court has discretion under Amendment 782 to reduce Grady's sentence. See, e.g.,

Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Grady's sentence, the court finds that Grady engaged in serious criminal behavior. See PSR ¶¶ 17–26; Sentencing Tr. at 14–18. Moreover, Grady is a violent recidivist and has convictions for simple affray, possession of cocaine, assault on a female, simple assault, and possession of marijuana. See PSR ¶¶ 33–44. Grady also has performed poorly on supervision and has essentially no work history. See id. ¶¶ 34–35, 39, 46, 61–63. Grady has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for refusing to obey an order. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Grady received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Grady's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Grady's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Grady's motion for reduction of sentence [D.E. 132].

SO ORDERED. This 18 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge