IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-127-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TITUS TERRELL GRADY, | ) | |
| | ) | |
| Defendant. | ) | |

On December 6, 2022, Titus Terrell Grady ("Grady" or "defendant") filed a pro se motion for compassionate release under the First Step Act ("First Step"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 174]. On February 14, 2025, Grady moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821") [D.E. 180]. On March 21, 2025, the United States responded in opposition to Grady's motion for a sentence reduction [D.E. 182]. On May 1, 2025, Grady filed a memorandum in support of his motion for a sentence reduction [D.E. 185]. On May 13, 2025, probation filed a report concerning Grady's motion for a sentence reduction [D.E. 188]. In that report, the United States incorporated its response in opposition. See [D.E. 188-1]. Grady asks the court to reduce his sentence from 312 months' imprisonment to 224 months' imprisonment [D.E. 188-2]. As explained below, the court denies defendant's motion for compassionate release and for a sentence reduction.

I.

Grady was a violent, high-volume heroin dealer and gang leader in Wilmington, North Carolina. See Sentencing Tr. [D.E. 82] 9–16. On March 4, 2013, Grady pleaded guilty, pursuant to a written plea agreement [D.E. 46], to conspiracy to distribute and possess with the intent to

distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1)(B), 846, 851 ("count one"). See [D.E. 45, 46]. On July 18, 2013, at Grady's sentencing hearing, the court calculated Grady's advisory guideline range as 262 to 327 months' imprisonment. See Sentencing Tr. 5. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Grady's allocution, the court sentenced Grady to 312 months' imprisonment. See id. 14–18.

Grady appealed. See [D.E. 73]. On January 31, 2014, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Grady's plea agreement, dismissed the portion of the appeal within the appellate waiver, and affirmed Grady's conviction. See United States v. Grady, 553 F. App'x 331, 332 (4th Cir. 2014) (per curiam) (unpublished).

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Burleigh, No. 23-6254, 2025 WL 2165938, at *4 (4th Cir. July 31, 2025) (unpublished); United States v. Johnson, No. 23-6896, 2025 WL 1872486, at *2–3 (4th Cir. July 8, 2025); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Johnson, 2025 WL 1872486, at *3–4; Hargrove, 30 F.4th at 194.

2

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Burleigh, 2025 WL 2165938, at *4; Johnson, 2025 WL 1872486, at *3–4; Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Burleigh, 2025 WL 2165938, at *4; Johnson, 2025 WL 1872486, at *3–4; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

3

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Grady seeks compassionate release under section 3582(c)(1)(A) and argues that extraordinary and compelling circumstances exist because of (1) alleged changes in federal sentencing law since Grady's sentencing hearing; (2) an alleged disparity in Grady's sentence; (3) an alleged error in the PSR; (4) the court's alleged error in applying a leadership enhancement; (5) the status points assigned to Grady under U.S.S.G. § 4A1.1(d); and (6) alleged misconduct by the government. See [D.E. 174] 2.

The court has reviewed Grady's pro se motion for compassionate release. Grady's motion

4

and arguments amount to a collateral attack on his conviction and sentence. See id. at 3–11. There has been no relevant change in the law concerning Grady's sentence. Instead, Grady attempts to raise novel legal and factual arguments that he should have raised on direct appeal. Grady's "exclusive method of collaterally attacking a federal conviction or sentence" is 28 U.S.C. § 2255. Ferguson, 55 F.4th at 270. Grady cannot use a compassionate release motion "to sidestep [section] 2255's requirements." Id.; see, e.g., United States v. Baker, No. 5:11-CR-237, 2024 WL 899351, at *6 n.2 (E.D.N.C. Mar. 1, 2024), aff'd, No. 24-6284, 2024 WL 4381159 (4th Cir. Oct. 3, 2024); Underhill v. United States, No. 4:08-CR-56, 2023 WL 8189751, at *6 (D.S.C. Nov. 27, 2023) (unpublished); United States v. Hopkins, No. 2:11-CR-00178-1, 2023 WL 1415608, at *3 (S.D.W. Va. Jan. 31, 2023). Alternatively, even if Grady could, the section 3553(a) factors (as discussed below) counsel against reducing Grady's sentence. Accordingly, the court denies Grady's motion for compassionate release.

### III.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(2); Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (quotation and emphasis omitted). At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up). If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); United

6

States v. McDonald, 986 F.3d 402, 410–12 (4th Cir. 2021); Martin, 916 F.3d at 395–98.

Grady moves for a sentence reduction based on Amendment 821 Part A. See [D.E. 180] 1; [D.E. 188-2]. Amendment 821 Part A, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by striking the old section 4A1.1(d). See U.S.S.G. app. C, amend. 821. Before Amendment 821, section 4A1.1(d) added two status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. § 4A1.1(d) (2021). Section 1B1.10 authorizes a court to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821. See id. § 1B1.10(d).

At step one, the court calculates Grady's new advisory guideline range to be 188 to 235 months' imprisonment based on a total offense level 33 and a criminal history category IV. See [D.E. 188] 1. Grady's new total offense level remains the same as his previous total offense level. In accordance with Amendment 821 Part A, the court removes the two status points assessed under U.S.S.G. § 4A1.1(d) for a defendant who committed his offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status if a defendant has six or fewer points under U.S.S.G. § 4A1.1(a)–(d). Thus, Grady is a criminal history category IV. See [D.E. 188] 1.

At step two, the court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 490–93; Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023); United States v. Swain, 49 F.4th 398, 402 (4th Cir. 2022); United States v. Chambers, 956 F.3d 667, 671–75 (4th Cir. 2020), abrogated on other grounds by Concepcion v. United States, 597 U.S. 481 (2022); United States v. May, 783 F. App'x

7

309, 310 (4th Cir. 2019) (per curiam) (unpublished). Grady is 38 years old and engaged in serious criminal conduct. Grady was an enforcer and high-ranking member of the "G-Shine Bloods," a subset of the United Blood Nation street gang in Wilmington, North Carolina. See PSR ¶¶ 23–24. Grady was also a major heroin dealer. See id. at ¶¶ 23–26. Grady and his fellow gang members terrorized the Wilmington area with their drug trafficking and wanton violence. See id. at ¶¶ 17–31. Grady was accountable for distributing 14.95 grams of PCP, 615.75 grams of heroin, 14.98 grams of cocaine base, and two grams of marijuana. See id. at ¶ 26. Grady also used a weapon, used violence, was a leader, and engaged in drug dealing as a criminal livelihood. See id.

Grady's federal offense conduct was nothing new. When Grady pleaded guilty to count one, he was already a felon with state court convictions for public disturbance, reckless driving to endanger (two counts), reckless driving wanton disregard, simple affray, felony possession of cocaine, assault on a female, and simple assault. See id. at ¶¶ 33–43. Grady's numerous interactions with the state court system did not prevent his horrible federal offense conduct.

Grady asks the court to reduce his sentence on count one from 312 months' imprisonment to 224 months' imprisonment. See [D.E. 188-2]. In support, Grady cites some positive steps he has taken while federally incarcerated, such as participating in educational programming, maintaining work assignments, and paying his special assessment. See [D.E. 188-2]; [D.E. 188-3] 1–31; cf. Pepper, 562 U.S. at 491–92. Grady, however, has incurred serious infractions while federally incarcerated for using drugs or alcohol in 2024, using unauthorized equipment or machinery in 2021, and refusing to obey an order 2014. See [D.E. 188-2] 1; [D.E. 188-3] 20–23.

This court disagrees with the Commission's retroactive policy change concerning status points. See Spears v. United States, 555 U.S. 261, 264–66 (2009) (per curiam) (acknowledging that a district court may reject and vary categorically from the guidelines based on a policy

8

disagreement with the guidelines); Kimbrough v. United States, 552 U.S. 85, 108–11 (2007) (same); United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (same). The policy change ignores how status points help to promote respect for the law for every offender who commits a new crime while on supervision. In explaining its reasons for the Amendment, the Commission acknowledged that status points still serve multiple purposes of sentencing, including addressing the offender's lack of respect for the law. See U.S.S.G. supp. app. C, amend. 821, Reason for Amendment, 241 (explaining why the Commission retained status points for offenders in higher criminal history categories); U.S. Sent'g Comm'n Pub. Meeting Transcript, 27–28 (Aug. 24, 2023), https://www.ussc.gov/policymaking/meetings-hearings (same). This court finds that status points serve an important purpose in promoting respect for the law for all offenders, not just offenders in higher criminal history categories. An offender who is on supervision when he commits a new crime shows even less respect for the law than an offender who is not on some form of supervision. A sentencing court may properly account for that difference in status in order to promote respect for the law under section 3553(a).

In any event, even if the court agreed with the Commission's new policy, the court would not reduce Grady's sentence. Grady's interactions with the state criminal justice system for his serious criminal behavior did not prevent even more serious criminal behavior. Moreover, Grady committed serious infractions while in federal custody. Grady's record demonstrates his contempt for the law, his dangerousness, and his commitment to armed drug trafficking.

The court has considered the entire record and all relevant policy statements. See Concepcion, 597 U.S. at 494–95 & n.4; Pepper, 562 U.S. at 490; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 410–12; Martin, 916 F.3d at 398. The court has balanced Grady's rehabilitation efforts while federally incarcerated with his serious criminal

9

conduct, his serious criminal history, his failures on supervision, his misconduct in federal prison, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. See Concepcion, 597 U.S. at 496–502; Pepper, 562 U.S. at 480–81; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the section 3553(a) factors, the parties' arguments, the need to punish Grady for his serious criminal behavior, to incapacitate Grady, to promote respect for the law, to deter others, and to protect society, the court denies Grady's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Burleigh, 2025 WL 2165938, at *4; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated the new advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

IV.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 174] and for a sentence reduction [D.E. 180].

SO ORDERED. This 4 day of August, 2025.

JAMES C. DEVER III
United States District Judge